UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

JULIUS BRADFORD,

    Petitioner,

vs.

RENEE BAKER, *et al.*,

    Respondents.

_____/

2:13-cv-01784-RFB-GWF

**ORDER**

    Before the court, in this habeas corpus action, is a motion filed by the petitioner, Julius Bradford, requesting that the action be stayed while he exhausts claims in state court (ECF No. 41). The court will grant that motion, and stay this action while Bradford completes his pending state-court litigation.

    In 2007, Bradford was convicted in Nevada's Eighth Judicial District Court of first degree murder with use of a deadly weapon and attempted robbery with use of a deadly weapon. *See* Amended Judgment of Conviction, Exhibit 102 in Support of Amended Petition for Writ of Habeas Corpus (ECF No. 28-15). Bradford was sentenced, for the murder, to two consecutive terms of life in prison, with the possibility of parole after 20 years. *See id*. For the attempted robbery, he was sentenced to two consecutive prison terms of 24 to 72 months. *See id*. The sentences for the murder and the sentences for the attempted robbery run concurrently. *See id*. Those convictions and

sentences were affirmed on appeal. *See* Order of Affirmance, Exhibit 111 in Support of Amended Petition for Writ of Habeas Corpus (ECF No. 29-4). Bradford's subsequent post-conviction proceedings in state court have been unsuccessful. *See* First Amended Petition for Writ of Habeas Corpus (ECF No. 22), pp. 7-8.

Bradford initiated this federal habeas corpus action on September 27, 2013. *See* Petition for Writ of Habeas Corpus (ECF No. 1). The court appointed counsel for Bradford, and counsel filed a first amended habeas petition on Bradford's behalf on August 12, 2014 (ECF No. 22).

On February 10, 2015, Bradford filed his motion for stay (ECF No. 41). Respondents filed an opposition to the motion on February 24, 2015 (ECF No. 45), and Bradford filed a reply on March 6, 2015 (ECF No. 46).

In the motion for stay, Bradford states that his first amended petition contains claims not yet exhausted in state court, and he requests that this federal habeas action be stayed while he completes a pending state-court habeas action, and thereby exhausts his unexhausted claims. According to Bradford, "[t]he state petition has already been dismissed by the state district court," and "Mr. Bradford is waiting for a written ruling, which he will appeal to the Nevada Supreme Court." Motion to Stay and Abey (ECF No. 41), p. 1. In his motion for stay, Bradford focuses on Grounds 1, 2, 14, and 15 of his first amended petition, and he argues that a stay is warranted under *Rhines v. Weber*, 544 U.S. 269 (2005), with respect to those claims.

A federal court may not grant habeas corpus relief on a claim not exhausted in state court. 28 U.S.C. § 2254(b). The exhaustion doctrine is based on the policy of federal-state comity, and is intended to allow state courts the initial opportunity to correct constitutional deprivations. *See Picard v. Conner*, 404 U.S. 270, 275 (1971). To exhaust a claim, a petitioner must fairly present the claim to the highest state court, and must give that court the opportunity to address and resolve it. *See Duncan v. Henry*, 513 U.S. 364, 365 (1995) (per curiam); *Keeney v. Tamayo-Reyes*, 504 U.S. 1, 10 (1992).

In *Rhines*, the United States Supreme Court circumscribed the discretion of federal district courts to impose stays to facilitate habeas petitioners' exhaustion of claims in state court. The *Rhines* Court stated:

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. Cf. 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").
>
> \* \* \*
>
> [I]t likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. In such circumstances, the district court should stay, rather than dismiss, the mixed petition.

*Rhines*, 544 U.S. at 277-78; *see also Blake v. Baker*, 745 F.3d 977, 980-81 (9th Cir.2014).

*Rhines* does not state, or suggest, that every unexhausted claim in the petition must satisfy, individually, the "good cause" and "potentially meritorious" requirements before a stay is permitted. If a stay is warranted with respect to any single claim, the court need not conduct a claim-by-claim analysis regarding the remaining claims.

Respondents agree that Bradford's first amended habeas petition is a "mixed petition," in that it contains both exhausted and unexhausted claims. *See* Opposition to Motion to Stay and Abey (ECF No. 45), p. 2.

The court determines that a stay is warranted with respect to Ground 15 of Bradford's first amended petition, in which he claims: "The prosecution withheld material exculpatory evidence that a state witnesses received a material benefit in exchange for his testimony, in violation of the Fifth and Fourteenth Amendments to the United States Constitution." *See* First Amended Petition for Writ of Habeas Corpus (ECF No. 22), p. 43.

1    With regard to the question of the potential merit of Ground 15, Bradford alleges that the
2 prosecution suppressed evidence of a material benefit it provided to a prosecution witness named
3 Ashton Parker. *See* Motion for Stay, pp. 9-10; First Amended Petition for Writ of Habeas Corpus,
4 pp. 2-4, 43. Parker was allegedly incarcerated with Bradford, while Bradford was awaiting trial, and
5 Parker testified at Bradford's trial about incriminating statements that Bradford allegedly made to
6 him in jail. *See* First Amended Petition for Writ of Habeas Corpus, pp. 2-3. According to Bradford:

> To counter the jailhouse informant's allegations, the defense focused on his incentive for lying -- a plea deal with the state involving a closed conviction. But the jury was never told that Mr. Parker made a second deal with the state -- involving an open felony domestic violence charge -- because the state suppressed it until after the trial.

10 *Id*. at 3 (citations omitted). Bradford asserts that the prosecution's suppression of information
11 regarding benefits received by Parker in return for his testimony was a violation of the rule of *Brady*
12 *v. Maryland*, 373 U.S. 83 (1963). *Id*. at 43. Bradford also asserts that the prosecution elicited false
13 testimony about the favorable treatment that Parker received, in violation of *Napue v. Illinois*, 360
14 U.S. 264, 266 (1959). *Id*. Respondents appear to concede that, in his domestic violence case, Parker
15 was allowed to plead guilty to a reduced charge -- attempted battery constituting domestic violence,
16 for which probation was a possibility, instead of felony domestic violence, which would have carried
17 a mandatory one to five year prison term -- and was sentenced to probation. *See* Opposition to
18 Motion for Stay (ECF No. 45), p. 8; *see also* Reply in Support of Motion for Stay (ECF No. 46), p.
19 7. In addition, Bradford makes a sufficient showing, for purposes of the *Rhines* analysis, that the
20 prosecution may have withheld this information from the defense, and elicited false testimony from a
21 prosecution witness regarding it. *See* Transcript of Jury Trial, August 21, 2007, Exhibit 82 (ECF No.
22 27), p. 53 (prosecutor eliciting testimony from Parker that there were "no other agreements").
23 The court finds that Ground 15 of Bradford's first amended petition is potentially meritorious, within
24 the meaning of the Supreme Court's *Rhines* opinion.
25    With regard to the question of good cause for his failure previously to exhaust Ground 15,
26 Bradford states that, because the prosecution withheld information about the deal it allegedly had

with Parker regarding the domestic violence charge, he "has not yet exhausted this claim because he was unaware of the deal." Motion for Stay, p. 9.  Bradford states that he "did not learn of this deal until the current proceeding...." *Id*. at 8-9.  Bradford further contends that "while Mr. Parker's records have been available to Mr. Bradford since Mr. Parker pleaded guilty, he had no reason to look for them because the State affirmatively represented that there was no deal." *Id*. at 9, citing *Banks v. Dretke*, 540 U.S. 668, 698 (2004), and *Strickler v. Greene*, 527 U.S. 263, 284 (1999).  Respondents have not responded to this argument.  *See* Opposition to Motion for Stay, p. 8.  The court determines that Bradford has made a sufficient showing of good cause*,* for his failure previously to exhaust Ground 15 in state court, for purposes of a stay under *Rhines*.

Finally, there is no indication that Bradford has engaged in intentionally dilatory litigation tactics.  *See Rhines*, 544 U.S. at 277-78; *see also* Opposition to Motion for Stay, pp. 8-9; Reply in Support of Motion for Stay, pp. 7-8.

The court will grant the motion for stay, and will stay this action pending completion of the ongoing state-court habeas action.  The court's intention is that this will be the last time that the court imposes a stay to facilitate Bradford's exhaustion of claims in state court.  Bradford must exhaust all of his unexhausted claims in state court during the stay imposed pursuant to this order.

**IT IS THEREFORE ORDERED** that petitioner's Motion to Stay and Abey (ECF No. 41) is **GRANTED**.  This action is **STAYED**, while petitioner exhausts, in state court, all his unexhausted claims for habeas corpus relief.

**IT IS FURTHER ORDERED** that, on or before June 15, 2015, petitioner shall file and serve a status report, describing the status of his state-court proceedings.  Thereafter, during the stay of this action, petitioner shall file such a status report every 6 months (on or before December 15, 2015; June 15, 2016; etc.).  Respondents may, if necessary, file and serve a response to any such status report within 15 days after its service.  If necessary, petitioner may reply within 15 days of service of the response.

**IT IS FURTHER ORDERED** that, following the conclusion of petitioner's state court proceedings, petitioner shall, within 30 days, make a motion to lift the stay.

**IT IS FURTHER ORDERED** that this action shall be subject to dismissal, upon a motion by respondents, if petitioner does not comply with the time limits in this order, or if he otherwise fails to proceed with diligence during the stay imposed pursuant to this order.

Dated this 31th day of March, 2015.

_____
RICHARD F. BOULWARE, II
UNITED STATES DISTRICT JUDGE