UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

JULIUS BRADFORD,

    Petitioner,                       2:13-cv-01784-RFB-GWF

vs.                                         **ORDER**

TIMOTHY FILSON, *et al.*,

    Respondents.

_____/

        This habeas corpus action was stayed on March 31, 2015, pending the petitioner's exhaustion of claims in state court (ECF No. 53).

        On September 22, 2016, the petitioner, Julius Bradford, filed a motion to lift the stay (ECF No. 61). In that motion, Bradford states that the state-court proceedings have concluded. On October 6, 2016, respondents filed a response to the motion to lift stay (ECF No. 64), stating that they do not oppose the motion. Good cause appearing, the Court will grant Bradford's motion to lift the stay.

        On September 22, 2016, Bradford also filed a motion for leave to file a second amended petition for writ of habeas corpus (ECF No. 63). Respondents do not oppose that motion (ECFNo. 64). Good cause appearing, the Court will grant Bradford's motion for leave to file a second amended petition.

        On October 6, 2016, respondents filed a motion for substitution of respondent (ECF No. 65), indicating that Bradford is incarcerated at Ely State Prison, and that the current warden of Ely State

Prison is Timothy Filson, and requesting that the identity of the respondent warden be updated accordingly. Good cause appearing, pursuant to Federal Rule of Civil Procedure 25(d), the Court will grant respondents' motion to substitute respondent.

The Court will also set a schedule for further litigation of this action.

**IT IS THEREFORE ORDERED** that petitioner's Motion to Lift Stay (ECF No. 61) is **GRANTED**. The stay of this action is vacated.

**IT IS FURTHER ORDERED** that petitioner's Motion for Leave to File Second Amended Petition for Writ of Habeas Corpus (ECF No. 63) is **GRANTED**. The Clerk of the Court shall separately file petitioner's Second Amended Petition for Writ of Habeas Corpus, which is currently filed as an attachment to petitioner's Motion for Leave to File Second Amended Petition for Writ of Habeas Corpus, at ECF No. 63-1.

**IT IS FURTHER ORDERED** that respondents' Motion for Substitution of Respondent (ECF No. 65) is **GRANTED**. The Clerk of the Court shall substitute Timothy Filson for Renee Baker, on the docket for this case, as the respondent warden, and shall update the caption of the action to reflect this change.

**IT IS FURTHER ORDERED** that the following schedule shall govern the further litigation of this action:

1. Response to Petition. Respondents shall have 60 days after the date of this order to file and serve an answer or other response to petitioner's second amended habeas petition.

2. Reply and Response to Reply. Petitioner shall have 45 days following service of an answer to file and serve a reply. Respondents shall thereafter have 30 days following service of a reply to file and serve a response to the reply.

3. Briefing of Motion to Dismiss. If respondents file a motion to dismiss, petitioner shall have 60 days following service of the motion to file and serve a response to the motion. Respondents shall thereafter have 30 days following service of the response to file and serve a reply.

4. Discovery. If petitioner wishes to move for leave to conduct discovery, petitioner shall file and serve such motion concurrently with, but separate from, the response to respondents' motion to dismiss or the reply to respondents' answer. Any motion for leave to conduct discovery filed by petitioner before that time may be considered premature, and may be denied, without prejudice, on that basis. Respondents shall file and serve a response to any such motion concurrently with, but separate from, their reply in support of their motion to dismiss or their response to petitioner's reply. Thereafter, petitioner shall have 20 days to file and serve a reply in support of the motion for leave to conduct discovery.

5. Evidentiary Hearing. If petitioner wishes to request an evidentiary hearing, petitioner shall file and serve a motion for an evidentiary hearing concurrently with, but separate from, the response to respondents' motion to dismiss or the reply to respondents' answer. Any motion for an evidentiary hearing filed by petitioner before that time may be considered premature, and may be denied, without prejudice, on that basis. The motion for an evidentiary hearing must specifically address why an evidentiary hearing is required, and must meet the requirements of 28 U.S.C. § 2254(e). The motion must state whether an evidentiary hearing was held in state court, and, if so, state where the transcript is located in the record. If petitioner files a motion for an evidentiary hearing, respondents shall file and serve a response to that motion concurrently with, but separate from, their reply in support of their motion to dismiss or their response to petitioner's reply. Thereafter, petitioner shall have 20 days to file and serve a reply in support of the motion for an evidentiary hearing.

DATED THIS 13th day of January, 2017.

_____
RICHARD F. BOULWARE, II
UNITED STATES DISTRICT JUDGE