UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JULIUS BRADFORD,<br><br>    Petitioner,<br>v.<br><br>TIMOTHY FILSON, *et al.*,<br><br>    Respondents. | Case No. 2:13-cv-01784-RFB-GWF<br><br>ORDER |

Introduction

This action is a *pro se* petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, by Julius Bradford, a Nevada prisoner. The respondents have filed a motion to dismiss. In turn, Bradford has filed a motion for evidentiary hearing relative to the motion to dismiss. Both motions are fully briefed and before the Court for resolution. The Court will deny the motion to dismiss without prejudice to the respondents raising the same procedural default defenses in their answer, and the Court will deny the motion for evidentiary hearing as moot, without prejudice to Bradford requesting an evidentiary hearing relative to the merits of his claims, as contemplated by the scheduling order in the case.

Background

Bradford was convicted in 2007, in Nevada's Eighth Judicial District Court, in Clark County, of first degree murder with use of a deadly weapon and attempted robbery with use of a deadly weapon, and he was sentenced to two consecutive sentences of twenty years to life in prison for the murder with use of a deadly weapon, and two consecutive

1

sentences of two to six years in prison, for the attempted robbery with use of a deadly weapon, to be served concurrently with the life sentences. *See* Amended Judgment of Conviction, Exhibit 102 (ECF No. 28-15).

Bradford appealed. *See* Appellant's Opening Brief, Exhibit 106 (ECF No. 28-19). The Nevada Supreme Court affirmed Bradford's conviction and sentence on June 30, 2009. *See* Order of Affirmance, Exhibit 111 (ECF No. 29-4). Bradford filed a petition for rehearing, and a petition for en banc reconsideration, both of which were denied. *See* Petition for Rehearing, Exhibit 112 (ECF No. 29-5); Order Denying Rehearing, Exhibit 113 (ECF No. 29-6); Petition for En Banc Reconsideration, Exhibit 114 (ECF No. 29-7); Order Denying En Banc Reconsideration, Exhibit 115 (ECF No. 29-8).

Bradford then filed a petition for writ of habeas corpus in the state district court. *See* Petition for Writ of Habeas Corpus (Post Conviction), Exhibit 123 (ECF No. 29-18). The state district court denied Bradford's petition on May 13, 2011. *See* Findings of Fact, Conclusions of Law and Order, Exhibit 127 (ECF No. 29-22). Bradford appealed. *See* Appellant's Opening Brief, Exhibit 147 (ECF No. 32). The Nevada Supreme Court affirmed on July 23, 2013. *See* Order of Affirmance, Exhibit 154 (ECF No. 34).

On May 4, 2012, Bradford filed a second petition for writ of habeas corpus in the state district court. *See* Petition for Writ of Habeas Corpus (Post-Conviction), Exhibit 138 (ECF No. 30-3). The state district court dismissed that petition on July 30, 2012, upon a motion by the State, ruling Bradford's claims to be successive and time-barred. *See* Order Granting State's Response and Motion to Dismiss Defendant's Petition for Writ of Habeas Corpus (Post-Conviction), Exhibit 141 (ECF No. 31-2). Bradford appealed. See Appellant's Opening Brief, Exhibit 150 (ECF No. 33). The Nevada Supreme Court affirmed on October 16, 2014. *See* Order of Affirmance, Exhibit 174 (ECF No. 42-3). Bradford filed a petition for rehearing, which was denied. *See* Petition for Rehearing, Exhibit 175 (ECF No. 42-4); Order Denying Rehearing, Exhibit 186 (ECF No. 62-4).

This Court received Bradford's federal petition for writ of habeas corpus, initiating this action, on September 27, 2013 (ECF No. 1). On December 3, 2013, the Court

| | |
|---|---|
| 1 | appointed the federal public defender's office to represent Bradford. *See* Order entered |
| 2 | December 3, 2013 (ECF No. 16). With counsel, Bradford filed an amended habeas |
| 3 | petition on August 12, 2014 (ECF No. 22). |

On March 31, 2015, this action was stayed, upon a motion by Bradford, pending Bradford's further exhaustion of claims in state court. *See* Motion to Stay and Abey (ECF No. 41); Order entered March 31, 2015 (ECF No. 53).

Bradford filed a third state-court petition for writ of habeas corpus in the state district court on August 29, 2014. *See* Petition for Writ of Habeas Corpus (Post-Conviction), Exhibit 172 (ECF No. 42-1). The state district court dismissed that petition on March 25, 2015, upon a motion by the State, ruling Bradford's claims to be time-barred. *See* Findings of Fact, Conclusions of Law and Order, Exhibit 189 (ECF No. 62-7). Bradford appealed. *See* Appellant's Opening Brief, Exhibit 193 (ECF No. 62-11). The Nevada Supreme Court affirmed on July 27, 2016. *See* Order of Affirmance, Exhibit 197 (ECF No. 62-15).

Back in this Court, the stay of this action was lifted on January 13, 2017, and Bradford filed a second amended habeas petition, which is now his operative petition. *See* Order entered January 13, 2017 (ECF No. 66); Second Amended Petition for a Writ of Habeas Corpus (ECF No. 67).

The respondents filed their motion to dismiss (ECF No. 73) on September 11, 2017. Bradford filed an opposition to the motion to dismiss (ECF No. 76) and his motion for evidentiary hearing (ECF No. 77) on November 27, 2017. Respondents filed a reply in support of their motion to dismiss (ECF No. 85) and an opposition to the motion for evidentiary hearing (ECF No. 86), on February 15, 2018. Bradford filed a reply in support of his motion for evidentiary hearing (ECF No. 87) on February 22, 2018.

/ / /

/ / /

/ / /

Discussion

In their motion to dismiss, respondents assert that Grounds 1, 2, 9, 11, 13, 14 and 15 of Bradford's second amended habeas petition are procedurally defaulted, and therefore subject to dismissal. *See* Motion to Dismiss (ECF No. 73).

In *Coleman v. Thompson*, the Supreme Court held that a state prisoner who fails to comply with the state's procedural requirements in presenting his claims is barred by the adequate and independent state ground doctrine from obtaining a writ of habeas corpus in federal court. *Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991) ("Just as in those cases in which a state prisoner fails to exhaust state remedies, a habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address those claims in the first instance."). Where such a procedural default constitutes an adequate and independent state ground for denial of habeas corpus, the default may be excused only if "a constitutional violation has probably resulted in the conviction of one who is actually innocent," or if the prisoner demonstrates cause for the default and prejudice resulting from it. *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

To demonstrate cause for a procedural default, the petitioner must "show that some objective factor external to the defense impeded" his efforts to comply with the state procedural rule. *Murray*, 477 U.S. at 488. For cause to exist, the external impediment must have prevented the petitioner from raising the claim. *See McCleskey v. Zant*, 499 U.S. 467, 497 (1991). With respect to the prejudice prong, the petitioner bears "the burden of showing not merely that the errors [complained of] constituted a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire [proceeding] with errors of constitutional dimension." *White v. Lewis*, 874 F.2d 599, 603 (9th Cir. 1989), citing *United States v. Frady*, 456 U.S. 152, 170 (1982).

In response, Bradford argues that he can overcome the procedural default of Grounds 1, 2, 9, 11, 13, 14 and 15, by showing that he is actually innocent within the meaning of *Schlup v. Delo*, 513 U.S. 298 (1995). *See* Opposition to Motion to Dismiss

4

(ECF No. 76), pp. 3-12. To demonstrate actual innocence to overcome a procedural bar, a petitioner must present "new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." *Schlup*, 513 U.S. at 324. By means of that evidence, and in light of all the evidence in the case, the petitioner "must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *McQuiggin v. Perkins*, 569 U.S. 383, 399 (2013), quoting *Schlup*, 513 U.S. at 327; *see also Schlup*, 513 U.S. at 329 ("a petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt"); *House v. Bell*, 547 U.S. 518, 538, quoting *Schlup*, 513 U.S. at 327-28 (regarding evidence to be considered). "Based on this total record, the court must make a 'probabilistic determination about what reasonable, properly instructed jurors would do.'" *House*, 547 U.S. at 538, quoting *Schlup*, 513 U.S. at 329. "The Court's function is not to make an independent factual determination about what likely occurred, but rather to assess the likely impact of the evidence on reasonable jurors." *House*, 547 U.S. at 538. Meeting this standard "raise[s] sufficient doubt about [the petitioner's] guilt to undermine confidence in the result of the trial without the assurance that the trial was untainted by constitutional error," warranting "a review of the merits of the constitutional claims[.]" *Schlup*, 513 U.S. at 317.

In addition, Bradford argues that he can overcome the procedural default of Grounds 1, 2, 9, 11, 13 and 14, by showing that ineffective assistance of his state post-conviction counsel was the cause of the defaults. See Opposition to Motion to Dismiss (ECF No. 76), pp. 12-21, citing *Martinez v. Ryan*, 566 U.S. 1 (2012). In *Martinez v. Ryan*, 566 U.S. 1 (2012), the Supreme Court ruled that ineffective assistance of post-conviction counsel may serve as cause, to overcome the procedural default of a claim of ineffective assistance of trial counsel. In *Martinez*, the Supreme Court noted that it had previously held, in *Coleman*, that "an attorney's negligence in a postconviction proceeding does not establish cause" to excuse a procedural default. *Martinez*, 566 U.S. at 15. The *Martinez*

1 | Court, however, "qualif[ied] *Coleman* by recognizing a narrow exception: inadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." *Id*. at 9. The Court described "initial-review collateral proceedings" as "collateral proceedings which provide the first occasion to raise a claim of ineffective assistance at trial." *Id*. at 8.

And, finally, citing *Ake v. Oklahoma*, 470 U.S. 68 (1985), Bradford argues that, with respect to Ground 15, the Nevada courts' application of the state procedural bars involved consideration of the merits of the federal constitutional claim, meaning that the procedural ruling was not independent of federal law, rendering the procedural default doctrine inapplicable. *See* Opposition to Motion to Dismiss (ECF No. 76), pp. 22-30.

The Court determines that all the issues raised by the motion to dismiss are intertwined with the merits of Grounds 1, 2, 9, 11, 13, 14 and 15, such that they will be better addressed in conjunction with the merits of those claims, after respondents file an answer and petitioner a reply. Therefore, the Court will deny respondents' motion to dismiss without prejudice to respondents raising their procedural default defenses in their answer, and without prejudice to Bradford asserting his arguments based on *Schlup, Martinez*, and *Ake*, in response, in his reply.

As the Court determines that the issues raised by the motion to dismiss will be better addressed in conjunction with the merits of Bradford's claims, after respondents file an answer and petitioner a reply, the Court will also deny Bradford's motion for evidentiary hearing with respect to the motion to dismiss, as moot, without prejudice to him moving for an evidentiary hearing when he files his reply to respondents' answer, as contemplated in the schedule set forth in the order entered on January 13, 2017 (ECF No. 66).

**IT IS THEREFORE ORDERED** that respondents' Motion to Dismiss (ECF No. 73) is **DENIED**.

**IT IS FURTHER ORDERED** that petitioner's Motion for an Evidentiary Hearing (ECF No. 77) is **DENIED**.

**IT IS FURTHER ORDERED** that respondents shall file an answer, responding to all the claims in petitioner's second amended habeas petition (ECF No. 67) within 90 days from the date of this order.

**IT IS FURTHER ORDERED** that, in all other respects, the schedule for further proceedings set forth in the order entered January 13, 2017 (ECF No. 66) remains in effect.

DATED this 12th day of April 2018.



RICHARD F. BOULWARE, II
UNITED STATES DISTRICT JUDGE