UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JULIUS BRADFORD,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>CALVIN JOHNSON, *et al.*,<br><br>　　　　　Respondents. | Case No. 2:13-cv-01784-RFB-EJY<br><br>**ORDER DENYING MOTION FOR<br>STAY PENDING APPEAL** |

In this habeas corpus action, on July 21, 2021, the Court entered an order granting habeas corpus relief to the petitioner, Julius Bradford, and the Court's judgment to that effect was entered on the same date (ECF Nos. 166, 167). Bradford, represented in this action by appointed counsel, is incarcerated at Nevada's High Desert State Prison, where he is serving prison sentences that in their aggregate amount to life with the possibility of parole after forty years on convictions in Nevada's Eighth Judicial District Court (Clark County) of first-degree murder with use of a deadly weapon and attempted robbery with use of a deadly weapon. The Court granted Bradford relief relative to Ground 2 of his second amended habeas petition, in which he claims that his federal constitutional rights were violated because his trial counsel was ineffective "for failing to advise Mr. Bradford that he faced the death penalty if he did not accept the state's plea bargain offers." Second Am. Pet. at 23–26, ECF No. 67. The Court denied Bradford's other claims, without prejudice, as moot.

　　In the order granting Bradford's petition on Ground 2, the Court described the pertinent factual background as follows:

> Before the first trial in the Zambrano-Lopez case, the State offered Bradford a plea deal whereby Bradford would have pleaded guilty to second-degree murder with use of a deadly weapon and conspiracy to commit robbery in this case, the Zambrano-Lopez case, and second-degree murder with use of a deadly weapon and conspiracy to commit robbery in another case, the Limongello case, and the State would have recommended concurrent prison sentences with parole possible after twenty years. See Tr. of Proceedings, Ex. 49, at 13–15, ECF No. 25-6. Sean Sullivan, the attorney who represented Bradford at his first trial in the Zambrano-Lopez case, advised Bradford to accept the State's offer, but Bradford declined it. See id.; Second Am. Pet. at 24, ECF No. 67; Decl. of Julius Bradford, Ex. 167, at 1, ECF No. 34-13. Bradford claims, though, that Sullivan did not sufficiently investigate the Limongello case before advising him about the plea offer, and that Sullivan did not advise him that if he declined the offer and was convicted in the Zambrano-Lopez case, the State could seek the death penalty in the Limongello case and could use the conviction in the Zambrano-Lopez case as an aggravating circumstance, and Bradford could be sentenced to death. See Second Am. Pet. at 24–25, ECF No. 67; Decl. of Julius Bradford, Ex. 167, at 1, ECF No. 34-13.
>
> Bradford went to trial in the Zambrano-Lopez case and was convicted, and later he was charged with the Limongello murder, was tried in that case, and was convicted of first-degree murder; the conviction in the Zambrano-Lopez case was used as an aggravating circumstance in the Limongello case, and he was sentenced to death. See Judgment of Conviction, Ex. 165, ECF No. 34-11. The Nevada Supreme Court subsequently reversed Bradford's conviction in the Limongello case and remanded the case for a new trial; Bradford's retrial has not yet commenced. See Order of Reversal and Remand, Ex. 244, ECF No. 148-43. Bradford represents that the State is seeking the death penalty at the retrial. See Notice of Intent to Seek the Death Penalty, Ex. 223, ECF No. 148-22; Reply at 29, ECF No. 116.

Order entered July 20, 2021, pp. 11–12, ECF No. 166.

The Court held an evidentiary hearing on Ground 2 on June 11, 2021. Based upon the testimony at the evidentiary hearing, the Court found that Sullivan performed unreasonably because he did not sufficiently investigate the Limongello case before advising Bradford regarding the State's plea offer, and because Sullivan did not advise Bradford that the State could seek the death penalty against him in the Limongello case. Id. at 17. The Court found that Sullivan did not realize, and did not advise Bradford, that a conviction in the Zambrano-Lopez case could be used as an aggravating circumstance in support of imposition of the death penalty in the Limongello case. Id. The Court found that Sullivan did not advise Bradford that he could face a death sentence in the Limongello case, and that entering the offered plea agreement could eliminate that possibility. Id. The Court found that Bradford was prejudiced by Sullivan's unreasonable performance in that

there is a reasonable probability that had he been advised that the State could seek the death penalty against him in the Limongello case, he would have accepted the State's offer and pleaded guilty under the resulting plea agreement, the plea agreement would have been presented to the court, and the court would have accepted its terms, resulting in convictions of second-degree murder instead of first-degree murder, resulting in less severe prison sentences, and removing the possibility of the death penalty in the Limongello case. Id. In addition, the Court found that Bradford's counsel in his state post-conviction habeas action was ineffective for not asserting the claim in Ground 2. Id. at 17–18. Therefore, the Court determined that Bradford overcame the procedural default of Ground 2 under Martinez v. Ryan, 566 U.S. 1 (2012), allowing this Court to resolve that claim de novo.

In granting relief to Bradford, the Court ordered that "Respondents shall, within 7 days … extend to Petitioner the same plea offer that he received before his first trial in the Zambrano-Lopez case and allow Petitioner at least 7 days to either accept or decline that offer." Order entered July 20, 2021, p. 20, ECF No. 166. The Court explained its intention in granting this relief:

> Here, the Court's intention is to grant Bradford relief that will put him in the position he would be in had his counsel reasonably advised him regarding the plea offer made by the State prior to the first trial in the Zambrano-Lopez case, had he accepted that offer, and had the trial court approved it. This Court finds that, had he not received ineffective assistance of counsel, Bradford would now be convicted, upon guilty pleas, of second-degree murder with use of a deadly weapon and conspiracy to commit robbery in both the Zambrano-Lopez case and the Limongello case, and he would be serving concurrent prison sentences with parole possible after twenty years. Bradford seeks to have the Court issue a writ of habeas corpus "directing the State to reoffer him the global plea deal." Pet's Prehearing Brief, ECF No. 150, at 28. The Court determines that the remedy requested by Bradford is appropriate, and that it should be adequate, and the Court will grant such relief. See Lafler, 566 U.S. at 162–75. If this relief proves to be inadequate to put Bradford in the position he would be in had he not received ineffective assistance of counsel, Bradford may make an appropriate motion to modify the judgment.

Id. at 18–19.

On July 22, 2021, Respondents filed an Emergency Motion for Stay of Judgment Pending Appeal (ECF No. 168). On July 23, 2021, the Court stayed the requirement that

1  the State extend the plea offer to Bradford within seven days, pending the resolution of
2  the motion for stay pending appeal, and the Court set an expedited briefing schedule on
3  that motion (ECF No. 169). Bradford filed an opposition to the motion on July 26, 2021
4  (ECF No. 170), and Respondents replied on July 28, 2021 (ECF No. 171).

5  "Unless a court issues a stay, a trial court's judgment … normally takes effect
6  despite a pending appeal." Coleman v. Tollefson, 575 U.S. 532, 539 (2015). Under certain
7  circumstances, however, a federal district court may stay a judgment pending an appeal.
8  See Fed. R. App. 8(a)(1)(A). The moving party bears the burden of persuading the court
9  that a stay is appropriate. See Nken v. Holder, 556 U.S. 418, 433–34 (2009). A stay
10 pending appeal is not a matter of right. Id.

11 When evaluating whether to issue a stay pending appeal, a court is to consider
12 four factors: "(1) whether the stay applicant has made a strong showing that he is likely
13 to succeed on the merits; (2) whether the applicant will be irreparably injured absent a
14 stay; (3) whether issuance of the stay will substantially injure the other parties interested
15 in the proceeding; and (4) where the public interest lies." Hilton v. Braunskill, 481 U.S.
16 770, 776 (1987). The balance of the factors "may depend to a large extent upon
17 determination of the State's prospects of success in its appeal." Id. at 778; see also
18 Haggard v. Curry, 631 F.3d 931, 935 (9th Cir. 2010) ("The most important factor is the
19 first, that is, whether the state has made a strong showing of likely success on the merits
20 of its appeal of the district court's decision."). "Where the State establishes that it has a
21 strong likelihood of success on appeal, or where, failing that, it can nonetheless
22 demonstrate a substantial case on the merits, [a stay] is permissible if the second and
23 fourth factors in the traditional stay analysis militate against [immediately putting the
24 judgment into effect]." Hilton, 481 U.S. at 778.

25 Therefore, in ruling on motions for stay pending appeal, courts employ "'two
26 interrelated legal tests' that 'represent the outer reaches of a single continuum.'" Golden
27 Gate Restaurant Ass'n v. City and Cty. of San Francisco, 512 F.3d 1112, 1115 (9th Cir.
28 2008) (quoting Lopez v. Heckler, 713 F.2d 1432, 1435 (9th Cir. 1983)). "At one end of the

4

continuum, the moving party is required to show both a probability of success on the merits and the possibility of irreparable injury" if a stay is not granted. Id. (quoting Lopez). "At the other end of the continuum, the moving party must demonstrate that serious legal questions are raised and that the balance of hardships tips sharply in its favor." Id. (quoting Lopez). "These two formulations represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases." Id. (quoting Natural Res. Def. Council, Inc. v. Winter, 502 F.3d 859, 862 (9th Cir. 2007)).

In this case, in their motion (ECF No. 168), Respondents articulate no ground whatsoever for an appeal. Even in their reply (ECF No. 171), filed after Bradford pointed out this shortcoming of their motion, Respondents did not attempt to describe any ground for an appeal. Therefore, Respondents wholly fail to show a "probability of success on the merits," or that "serious legal questions are raised." This, alone, is reason to deny Respondents' motion.

But moreover, Respondents do not show any "possibility of irreparable injury" or that "the balance of hardships tips sharply in [their] favor."

Bradford points out that "[i]f the judgment goes into effect, the most likely result is that the State will formally reoffer Mr. Bradford the March 2004 plea deal; Mr. Bradford will accept the offer; the state court will accept the plea; it will vacate his existing convictions in the Zambrano-Lopez case; it will convict him of second-degree murder with use of a deadly weapon and conspiracy to commit robbery in both the Zambrano-Lopez case and the Limongello case; and it will sentence him on both cases to an aggregate sentence of either 20 to 50 years or 20 years to life." Opp. to Motion for Stay, p. 6, ECF No. 170. Under this scenario, according to Respondents, Bradford will remain in prison until at least 2024, when he would become eligible for parole. See Motion for Stay, p. 4, ECF No. 168.

Respondents argue that if the judgment is put into effect, and if the plea offer is extended and accepted by Bradford, the State would be irreparably injured, but

1  Respondents' argument in this regard is without any cogent explanation. See Motion for
2  Stay, pp. 3–4, ECF No. 168. Respondents simply argue that if the plea offer is extended
3  and Bradford accepts it, his pleas of guilty to second-degree murder, and the resulting
4  judgments of conviction, would be "difficult, if not impossible," to undo. Motion for Stay, p.
5  3, ECF No. 168; see also Reply in Support of Motion for Stay, p. 4, ECF No. 171
6  ("exceedingly difficult to undo"). Respondents do not explain why, if they are successful
7  on an appeal from the judgment in this case, the Court of Appeals would be unable to
8  craft appropriate relief on their behalf—perhaps involving reimposition of the first-degree
9  murder conviction in the Zambrano-Lopez case and the vacating of the second-degree
10 murder conviction in the Limongello case.

11 In considering the question of possible irreparable injury to the State if the
12 judgment in this case is not stayed pending appeal, it is important to keep in mind that
13 the judgment in this case simply requires the State to extend to Bradford the same offer
14 that the State previously extended to Bradford. The State appears intent on proceeding
15 with the capital trial of Bradford in the Limongello case, and considers it irreparable injury
16 if it cannot do so immediately, despite its previous offer to settle that case with a guilty
17 plea by Bradford to second-degree murder, and despite this Court's determination that
18 Bradford would not be in a position to face that capital trial were it not for unconstitutionally
19 ineffective assistance of his counsel. Respondents make no showing that precluding any
20 capital trial in the Limongello case, at least pending the conclusion of an appeal in this
21 case, would amount to irreparable injury to the State. Rather, in this Court's view,
22 precluding that trial, at least pending the final resolution of this case on appeal, protects
23 Bradford from part of the effect of the ineffective assistance of counsel found by this Court.

24 Respondents also argue that "staying the judgment is also proper because the
25 public interest favors finality of convictions, meeting the fourth Hilton factor." See Motion
26 for Stay, p. 4, ECF No. 168. The Court finds that this argument is without merit. There is
27 no conviction in the Limongello case. In the Zambrano-Lopez case, while there is a
28 judgment of conviction, this Court has found that conviction to be tainted by

unconstitutional ineffective assistance of counsel. Under these circumstances, a stay pending appeal would not serve the public's interest in finality of convictions.

In sum, the Court determines that Respondents have not made a showing that a stay pending appeal is warranted.

**IT IS THEREFORE ORDERED** that Respondents' Emergency Motion for Stay of Judgment Pending Appeal (ECF No. 168) is **DENIED**.

**IT IS FURTHER ORDERED** that the stay of the judgment pending resolution of Respondents' Emergency Motion for Stay of Judgment Pending Appeal (see ECF No. 169 ("[T]he portion of the Court's Order [ECF No. 166] requiring the State to offer Mr. Bradford a plea offer by July 27, 2021 is stayed pending the Court's resolution of the Emergency Motion to Stay.")) is lifted. The Court's judgment will go into effect as of the entry of this order. The State is directed to make the plea offer referenced in the Court's prior Order (ECF No. 166) by **August 10, 2021**.

DATED: August 3, 2021.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**